**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA SENAIDA RAMOS LOPEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-133 <br><br> Agency Nos. <br> A208-418-155 <br> A208-418-156 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

May 16, 2023**

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Sandra Senaida Ramos Lopez and her minor son, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum and Ramos Lopez's applications for

withholding of removal and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency regarding the number of times and when she was extorted in-person and omissions in Ramos-Lopez's declarations regarding extortion phone calls and the robbery of her mother.  *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear").  Ramos Lopez's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Because petitioners do not challenge the agency's finding that Ramos-Lopez did not present sufficient corroborative evidence that would otherwise establish eligibility for relief, we do not address it.  Thus, in the absence of credible testimony, petitioners' asylum claim and Ramos Lopez's withholding of removal claim fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We need not reach petitioners' remaining contentions regarding the merits of their asylum and withholding of removal claims because the BIA did

21-133

not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because, even if credible, Ramos Lopez failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**